## WILLIAM CRUMPTON

### *v.*

## FRANKLIN BALDWIN *et al.*

1. CHANCERY—*remedy at law.* If the holder of a note, in making a sale thereof, is induced to indorse it by false representations, his defense can be made available to him in a suit at law against him upon his indorsement; and if there is no sufficient reason for not making the defense at law, he cannot afterward have relief in chancery.

2. SAME—*of general grounds for relief.* Where the holder of a note and mortgage transfers them by assignment, and upon foreclosure of the mortgage by the assignee, the mortgaged premises are sold to a third person for a sum less than the amount of the debt, and for the residue the assignee recovers a judgment against his assignor, the latter has no equity upon which he can

have the sale set aside, because the master in chancery who executed the decree of foreclosure promised to give him personal notice of the time of sale, so that he could be present and bid upon the property and thereby protect himself in respect to his indorsement, and the master omitted to give him such notice.

3. MASTER IN CHANCERY — *his duty* — *purchasers protected.* It was no part of the legal duty of the master to give such notice, and his neglect in the performance of his promise in that regard, could not affect the rights of the purchaser at the sale, who paid his money in good faith.

WRIT OF ERROR to the Circuit Court of La Salle county ; the Hon. SIDNEY W. HARRIS, Judge, presiding.

On the 10th day of May, 1865, William Crumpton filed his bill in chancery in the court below, against Franklin Baldwin, George H. Rugg and William H. W. Cushman, in which he alleges, that, on or about the 1st day of March, 1858, one Norman Smith, being indebted to the complainant in the sum of about $400, executed to him his note therefor, and a mortgage upon certain real estate, to secure the same.

That, on the 1st of May following, the complainant assigned said note and mortgage to defendant, Baldwin ; that at the time of such transfer Baldwin requested the complainant to indorse said note in blank, but complainant refused to do so ; that Baldwin assured him that it was not his intention to hold complainant liable on the indorsement, but that his only object was to be enabled to sue upon the note in his own name ; that Baldwin told complainant that writing his name on the back of the note would not make him liable, and thereupon complainant indorsed the note ; that, on or about the 23d of January, 1860, Baldwin filed his bill to foreclose said mortgage, in the Circuit Court of La Salle county ; that a decree of sale was entered, and master sold the premises to one Hotchkiss, who failed to pay the money, and a new sale was ordered ; that said premises were again sold to one Geo. H. Rugg, one of defendants, for about forty dollars ; that, upon objection, the court refused to confirm the master's report, and a new sale of the premises was ordered ; that said Baldwin assigned all his interest in said note to said Rugg, shortly after said master's last sale.

He states that he intended to attend the sale and bid in said property, but was persuaded from so doing by the false representations of Baldwin, who assured him that he (Baldwin) would attend the sale and see that the premises were sold for enough to pay the debt and all costs; that complainant then told Baldwin that he would not attend the sale, being quite unwell; alleges that Baldwin did not attend the sale; that he sold, or pretended to sell his interest in said note and mortgage to said Rugg, and agreed with Rugg not to appear and bid at said sale, but give Rugg a chance to bid in said premises at a nominal price, and sue complainant for balance of note; alleges the filing of a bill in chancery by complainant against defendants; also the refusal of the court to confirm the sale, and order for new sale of said premises, and enjoined the suit at law which had been commenced to recover the balance of said note; that complainant believed that said injunction had never been dissolved; that at the February Term of said Circuit Court a judgment was rendered on said note for the sum of six hundred dollars and upward; also alleges an agreement (on the 26th day of June, 1863, the same day the court ordered a new sale of the premises), between complainant and the master in chancery, E. A. Hollister, in relation to the sale of said premises; that said master agreed to give him actual personal notice of the time and place of said sale, and that no sale should take place without such notice; that the reason for such agreement was the age and illness of complainant; that he relied upon such promise; never received any notice, and should otherwise have attended said sale, either in person or by agent; that premises were sold to Cushman for twenty-five dollars; that the master also assured other persons in a positive manner that he would not, under any circumstances, sell said premises without giving the notice aforesaid; that the said promises were communicated to complainant and relied upon by him, and that he supposed in consequence of said agreement that said injunction was not dissolved, and that no sale had taken place, until long after the said term of court.

The bill alleges that only twenty days' notice of the sale was

given; that during all this time complainant was too unwell to leave his house or transact business away from home; that said real estate is worth much more than the amount of mortgage and all costs.

That the judgment upon said note is for about $1.40 more than was due thereon; that complainant was ready, willing and offered to pay all sums of money due on said note and all costs, in such manner and at such time as the court may appoint; that said Smith was insolvent. Asks for an injunction against defendants, enjoining them from suing out an execution on said judgment, and prays to have the said sale set aside and a new sale ordered, that complainant might bid in the same for full amount due or pay into court all moneys due and have mortgage canceled.

The bill concludes with a prayer for special and general relief.

An injunction was granted upon the filing of the bill.

Subsequently, on motion, the injunction was dissolved and the bill dismissed.

The complainant brings the cause here by writ of error, and insists the court erred in its ruling upon that motion.

Messrs. BUSHNELL & AVERY, for the plaintiff in error.

Mr. GEORGE C. CAMPBELL, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

There is clearly no equity on the face of this bill. The complainant seeks to enjoin the collection of a judgment obtained against him as indorser of a note. He alleges his indorsement was obtained by false representations. If so, the defense was available to him in the suit at law, and he offers no reason or excuse for not having then made it. The note was secured by a mortgage given by the maker, upon land said to be worth much more than the amount of the note. This land was sold under a decree of foreclosure, and the complainant desired to attend the sale and bid on the land to the amount of the debt,

and the master in chancery agreed to give complainant actual, personal notice of the day of sale, but failed to do so, in consequence whereof, the land sold for less than the debt. But, this was no official delinquency on the part of the master, which would justify the court in setting aside the sale. It is not pretended that he did not give the notices required by law, and, if the complainant made no effort to inform himself through these of the day of sale, but thought proper to rely upon the promise of the master, which the latter failed to observe, the complainant must take the consequences of the negligence of his own agent. For, in undertaking to give this personal notice, the master was not performing a duty required of him by law. He was undertaking to act as the private agent of the complainant, and his alleged negligence in this regard is no reason why the purchaser at the sale, who paid his money in good faith, should be deprived of the benefit of his purchase. It is not pretended that there was any complicity between the purchaser and the master. The decree must be affirmed.

*Decree affirmed.*